May it please the Court, Jonathan Levy appearing on behalf of the Appellant Yossi Leyva. Your Honors, resentencing must be ordered in this case because the District Court failed to comply with either of two provisions of Rule 32 of the Federal Rules of Criminal Procedure. In Rule 32I1A, it's clear that a District Court, before imposing sentence, must verify that the defendant and his counsel have read and discussed the pre-sentence report. Did the defendant read the pre-sentence report or not? I don't know, Your Honor. That would be helpful if you could tell us. Well, I don't think it makes a difference, to be honest with you. The Court requires that, the rule requires that the Court make that verification. And if the Court does not make that verification, the rule is violated, whether or not the defendant has read it or not. You were not Trout's counsel? Beg your pardon? You were not Trout's counsel? I was not, Your Honor. No. Was Trout's counsel guilty of malpractice? Well, I don't know that he would necessarily be guilty of malpractice. He certainly should have. Should we decide the case and send a copy to the State Fire of California? No, Your Honor. Okay. No. Now, the government concedes that Mr. Leyva was never asked if he had read the pre-sentence report. And, in fact, there is no evidence to the record to indicate that he had, in fact, read the pre-sentence report. Government relies on the fact that there was an objection raised to one paragraph in the pre-sentence report. And the government suggests that means that he must have read the pre-sentence report. But that's just not true. All that demonstrates is that defense counsel had read the pre-sentence report and discussed that paragraph with the defendant. Well, how about the other Rule 32 issue? Well, on the other Rule 32 issue is … The one involving a disputed fact and whether the district court made a finding as Rule 32 requires. That's right. Under 32I3B, the court was required to resolve all factual disputes or make explicit that he was not going to consider those facts in determining the sentence. So what's the fact that was disputed that was not resolved by the court? The facts were in paragraph 42 of the pre-sentence report, which dealt with Mr. Leyva's narcotics conviction. Even though it was a narcotics conviction, this paragraph dealt with an allegation that he, in fact, had committed a robbery and that he was arrested for this robbery and then afterwards they found drugs and he was prosecuted for the drugs. But it details this supposed robbery in which he pulled a knife and robbed an individual and threatened him at knife point and threatened to harm him and indicated that the so-called victim believed what was in fear for his life. And Mr. Leyva disputes all of those facts. And these are potentially damaging facts. It goes to the character of the defendant. If we determine that there was a Rule 32 violation as to that issue, then are we required to vacate the sentence? Absolutely. And remand for resentment? Absolutely. And these other issues about the notice provision, we wouldn't reach those in this case? That's correct. That's correct. Now, the government suggests that this court can review this for harmless error, but that's just simply not the case. This circuit has held in an en banc decision that it's automatic resentencing if the court did not resolve a factual dispute, which the government concedes the court did not do here. Unless you want to repeat your argument from the last case on the notice provision, you might want to reserve time. And I will reserve the balance. I will argue in rebuttal on the Rule 32 issues that are peculiar to this case after the government has explained the government's view. Thank you. I'll reserve the balance. Good morning, Owners. May it please the Court, my name is Anne Boyds, and I represent the government. I'd like to address the two Rule 32 issues, since that seems to be what the Court's attention is focused on. So if I may begin with the first. With respect to the question of whether the district court failed to satisfy Federal Rule of Criminal Procedure 32I1A by verifying that the defendant had read the pre-sentence investigation report, we would note that, in fact, unlike the cases on which the defendant relies, for example, the Ninth Circuit case, there was a factual objection here that was raised. And that is, we think, enough to allow the Court to reasonably rely on that as evidence that the defendant had, in fact, read it. It's unclear how otherwise defense counsel could have claimed that, in fact, there was a factual dispute if he hadn't gone through the report with his client. This Court's precedent is very clear that it's not, in fact, required that the Court ask directly of the defendant whether or not he's read it. He's simply entitled to rely on evidence, and we believe that the pre-sentence report is sufficient, or the factual objection to the pre-sentence report is, in fact, sufficient to do that. With respect to the third issue, which is specifically the failure to resolve a factual dispute, the defendant is correct that, in fact, the government concedes that it was there, that the Court did not ask or did not resolve the factual issue. There is a question whether, arguably, the objection was specific enough to trigger a factual dispute. There is a case, at least out of the Tenth Circuit, suggesting that where the objection is nonspecific, that does not trigger a duty to resolve the issue. Nonetheless, we'd point out that the cases on which the defendant relies are all cases in which the disputed issue of fact is central to the sentencing issue. For example, in Houston and Thomas, we'd point out that in Houston and in Thomas, the issues were ones of drug quantity. Even in Fernandez-Angulo, the issue was one of the defendant's experience in the drug trade and whether or not he had initiated the negotiations that led up to the crime for which he was being sentenced. Here, however, the objection was not to the actual conviction for narcotics possession. It was simply a nonspecific objection to the description of the events leading up to that conviction. As a result, we think in this case, there's no evidence that this was, in fact, harmful. What the Court explicitly referred to were the two convictions for residential burglary and the conviction for narcotics possession, not two other items. Accordingly, we think in that circumstance, it would be appropriate for the Court to find this, albeit a technical violation, not one that requires resentencing. I'm happy to respond to any questions that the Court might have, but otherwise I'm happy to rest. Give me your harmless error theory again. Certainly. Because I'm having trouble with it, a little trouble with it. So why don't you just restate it for me? Sure. Is this with respect to the resolution of? Non-resolution of the fact. Certainly. We note that the issue was raised in the defendant's papers. It did not go to the existence of the convictions that the Court focused on in its hearings. It simply went to the description of the facts. Like whether he had threatened the person or the person here for their life or whatever. Correct. We'd point out that, in fact, it's somewhat unclear what the objection was, if I may. He simply said that he objects to the events described in paragraph 43. In fact, both sides agree it's paragraph 42, without explaining what the dispute is or what was incorrect about that description, which makes it hard, in a certain sense, particularly because defense counsel didn't raise it at the hearing, to understand what the dispute, in fact, was. But based on the transcript, it does appear that the Court simply focused on the convictions and then the repeated returns to the United States in reaching its sentence. Okay. Thank you. Thank you, Your Honor. Any further questions? I guess we're there. Thank you. Thank you. Did you want a rebuttal? Your Honor, just very briefly, the factual objection was to the events described in the paragraph. The events described in the paragraph that goes over onto a second page are quite detailed. That the victim reported having been robbed by Mr. Lava. That he was socializing in front of Mr. Lava's residence. Mr. Lava called the victim over to the location. The victim and his friend walked over to Lava. Lava asked them to empty their pockets. When the victim and friend declined to comply, he pulled out a kitchen knife from his front pocket, told the victim, shut up and do what I say. These are the events that Mr. Lava objected to. These are the events he believes did not occur and should not be considered as part of sentencing. And it's those facts that are in dispute. And given that the court made clear that he was relying on Mr. Lava's past conduct, his criminal history, in determining the sentence primarily. And Mr. Lava's past criminal history included just these two burglaries when he was a juvenile and just turned 18 over the course of ten days. And this narcotics conviction, which then details this robbery, the fact that he had this robbery, this alleged robbery, could in fact have impacted the judge's decision. So even though harmless error doesn't apply, even if it did, this was not harmless error. Okay. Thank you. All right. We thank again Mr. Libby for his argument and we thank Ms. Royce. And I guess we'll submit that case, U.S. v. Lava. Thank you. We'll give counsel time to exit. Thank you very much. The next case, well, I'll just mention first, we have U.S. v. Cervantes Cesares.
judges: Beezer, T.G. Nelson, Gould